# EXHIBIT 1

NOTICE OF REMOVAL - 6

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 676-8440

FILED
18 AUG 09 PM 3:11

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-20168-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| LESLEY GUDDAL,<br><br>                          Plaintiff,<br><br>v.<br><br>EXPEDIA, INC., JOE SPEAR, and WENDY ALEXANDER, individually and as their agents,<br><br>                        Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF |

## INTRODUCTION

This action is brought pursuant to common law to redress acts of wrongful discharge in violation of public policy. Plaintiff seeks lost pay, benefits and employment opportunities, emotional distress damages, attorneys' fees and costs, injunctive and other relief.

## I.    JURISDICTION AND VENUE

1. Defendant does business in King County. Plaintiff resides in King County, and her workplace where the acts complained herein occurred is in King County.

2. This court has jurisdiction pursuant to Washington common law.

---

COMPLAINT FOR DAMAGES AND OTHER
RELIEF - Page 1

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086 FAX 206.233.9165

## II. PARTIES

3. Plaintiff Lesley Guddal is a married woman residing in Vashon, Washington. She worked as an Oracle Function Analyst II in Defendant's Head Office.

4. Defendant Expedia, Inc., a Washington Corporation that employs more than eight employees and has its principal office in Bellevue, Washington. It operates an internet company in Bellevue, Washington, where, at all relevant times, Plaintiff was employed.

5. Defendant Spear resides in Kitsap County and at all relevant times was a Director of Technology for Defendant and Plaintiff's supervisor. Defendant Wendy Alexander resides in King County and at all relevant times was Director of Project Management for Defendant Expedia.

## III. STATEMENT OF CLAIMS

6. Plaintiff is, *inter alia*, responsible for overseeing and proactively communicating any potential control deficiencies of financial application user provisioning including segregation of duties ("SOD") allowable exceptions review per internal controls and attesting compliance quarterly with federal Sarbanes Oxley ("SOX") requirements. 18 U.S.C. Section 1514A, *et seq.* She was tasked to lead and install an automated Segregation of Duties tool "CS Comply" by December 2017 to provide visibility to all user access and the mitigating controls identified to manage exception risk reporting.

7. In compliance with such public policy requirements, Plaintiff raised concerns with various Expedia officials that Expedia's user provisioning SOX controls did not provide or account for the unexpected, on-demand, undocumented SOD exceptions that were forced on the System Administrators to meet the acquisition release date of Egencia companies. Under

COMPLAINT FOR DAMAGES AND OTHER
RELIEF - Page 2

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2036 FAX 206.233.9165

the current standard at the time, access was deployed to some individuals who were not entitled to access based on their job function and not all risks had been identified before access was released in part due to the limitations of a manual review of responsibilities. An agreement was established that the automated SOD tool and CS Comply would be in production by December 2017 to report SOD exceptions and provide visibility that risk of fraud or misstatement due to lack of training or excessive restricted access was fully transparent and the mitigating control managing the risk identified.

8. On or about August 9, 2016, the Plaintiff's director who created the special role for the Plaintiff as compliance analyst was terminated. The interim director, Joe Spear, "do everything the same as you did for Brian O'Connor, you do not need to make any changes to your job duties.

9. On or about May 2, 2017 the Plaintiff reported to Joe Spear and Wendy Alexander that four technology vendors had both business and configuration access which was an unapproved segregation of duties exception. Joe Spear responded "We are not "live yet" imposing an unknown circumstance that would justify a situation that internal controls did not apply in the production instance that was undocumented in internal controls and unknown to the Plaintiff.

10. On or about May 4, 2017, Wendy Alexander had asked the Plaintiff to remove the exception access she approved in the prior days fearing she would "lose my job, please revoke the access." Within hours, the Egencia point of contact reported "several people (AR accountant and project team) have some of their access removed. The issue was escalated to the senior director and the undocumented exceptional access had to be restored.

COMPLAINT FOR DAMAGES AND OTHER
RELIEF - Page 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

11. On or about May 4-27, 2017, Wendy Alexander mislead people who relied on her review that access to Egencia invoices were frozen from changes, withheld information that interfacing programs were not working as designed or not had a thorough User Acceptance testing and sign-off. User Access requests were being demanded to fix the issues due to failed interfacing programs and other unexpected issues.

12. On or about July 12 2017, Joe Spear confronted the Plaintiff in a conference room. "Why are you making things so difficult? Why do you even have SOX controls, you are not a director? Why are you doing what you are doing? How can "we" get "Lesley" out of the equation?" The Plaintiff, visibly shaken and upset, started to raise her voice and cry, commenting that he was not helping her do her job, to wit: the duties granted her by Brian O'Connor, the same duties he told her to keep doing. Joe Spear then agreed the situation was challenging, stating that we were all stressed, and that Expedia could not have two standards, only one standard, and that he was very receptive to finding a solution. He agreed to attend the next audit meeting with Plaintiff. Joe Spear assigned Plaintiff to the lead Oracle Functional Analyst II position to lead the Segregation of Duties Finding by Audit and install the software and complete the figuration to help everyone get back to one Expedia standard.

12. On or about May 18, 2017, Joe Spear confronted the Plaintiff in a conference room. "Why are you making things so difficult? Why do you even have SOX controls, you are not a director? Why are you doing what you are doing? How can "we" get "Lesley" out of the equation?" On or about July 12 2017, Joe Spear again confronted the Plaintiff in a conference room, demanding 'who told you to be this way' to which she responded it was her job (Joe did not disagree), tension rose, the Plaintiff was visibly shaken and upset, started to raise her voice

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

and cry, commenting that he was not helping her do her job, to wit: the duties granted her by Brian O'Connor, the same duties he told her to keep doing. Joe Spear asked the Plaintiff to lower her voice, then agreed the situation was challenging, stating that we were all stressed, and that Expedia could not have two standards, only one standard, and that he was very receptive to finding a solution. Tension now gone, a softer approach, he agreed to attend the next audit meeting with Plaintiff and be more involved as her manager. Joe Spear assigned Plaintiff to the lead the Segregation of Duties project promoted by the Finding by Audit and install the software and complete the figuration to help everyone get back to one Expedia standard which would be taken in phases due to the complexity of the mitigating controls match to the exception rules for Expedia and later for Egencia and which was to be the primary tool for her SOX controls related to user provisioning E-B-BTT-01 and E-B-BTT-52 owned by the Plaintiff.

13. On or about July 25, 2017, Egencia sent an email to Wendy Alexander and the Plaintiff requesting to "share Expedia's control" for segregation of duties review "E-B-BTT-52" owned by the Plaintiff that relied on the Segregation of Duties Matrix "E-SEC-16" which was the basis of review and provided reporting for the quarterly user audit prepared by the Plaintiff and reviewed by Wendy Alexander. The Plaintiff objected strongly that the control could not be shared, as Egencia had a different standard than Expedia, and a different Segregation of Duties "SOD" Matrix EGEU-SEC-16 not owned by the Plaintiff. The Plaintiff had a good faith belief that Egencia was misleading auditors and people who relied on the report when they used the Expedia control and user auditing process prepared by the Plaintiff. Egencia changed user access so frequently that it required a new transaction-based report to truly reflect the full picture of users' access to exception over time.

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL. 206.622.2086  FAX 206.233.9165

14. On October 30, 2017, Plaintiff reported vendor was deviating from Segregation of Duties project and not in compliance with documenting a change in scope to the requirements or disclosing what he was working related to the capital project. Joe Spear agreed to cut the vendor access to project the project from missing its deadline. One week later, November 7, 2017, Plaintiff was told that Joe Spear was very angry at the Plaintiff and asked a co-worker to restore the vendor's access in one of the restricted instances to work on an undocumented "Special Project." Vendor had told Plaintiff that he was "promised wages" and he ended up booking hundreds hours but scope of work was 100 hours – his work required no documentation, was without transparency and accountability as required to be compliant with the scope of work.

15. On information and belief, on or about November 28, 2017, Defendant Wendy Alexander was visibly upset about Plaintiff's persistence in voicing of concerns regarding inadequate review and ambiguous approval, and that the mitigating controls were not sufficient and did not match the findings of the CS Comply automated proposed set of rules that were pending her approval and release to production. At the same meeting, Defendant Alexander disclosed there was an audit finding related to user access but would not disclose the details. Defendant Alexander abruptly ended the review meeting without providing the requested approval, saying she needed to talk to Jo Haverfield before the next meeting, which never happened. The Segregation of Duties project was closed, which was misleading as the tool was not operational in production without establishing missing custom rules, completing necessary configuration and running the scan and therefore could not be the resource to support user provisioning SOX Controls user provisioning E-B-BTT-01 and E-B-BTT-52 owned by the Plaintiff.

COMPLAINT FOR DAMAGES AND OTHER
RELIEF - Page 6

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086 FAX 206.233.9165

16. On or about January 8, 2018, Plaintiff was called into a meeting by Defendant Joe Spear and informed that her job was being transferred to India and that she was being laid off; effective immediately, her restricted access as System Administrator ended, her employment to end in 30 days if she did not secure another position at Expedia, Inc. The job posting for the duties in India were a junior title and omitted any experience with compliance role created specifically for the Plaintiff in October 2013 related to segregation of duties review and ownership of Sarbanes-Oxley controls the Plaintiff was forced to surrender to her supervisor.

17. On information and belief, Plaintiff's job has not been transferred to India, nor eliminated. Several job posting with the same job title, Oracle Functional Analyst II, are ~~was~~ posted as a ~~vacancy~~ while she was still at the company, and one for which she later applied and was denied an opportunity to interview. Several times a week recruiters call the Plaintiff saying she would be a good match for more open Oracle Functional Analyst II open positions.

18. For the past eleven years, Plaintiff has performed excellent work for Expedia, and other than raising issues about Expedia's lack of compliance with Sarbanes Oxley, has an unblemished record.

19. By laying Plaintiff off shortly after her raising public policy concerns, Defendants have retaliated against and wrongfully discharged her.

20. As a result of the wrongful discharge and retaliation, and Defendants' failure to redress it, Plaintiff suffered and continues to suffer economic damages and severe emotional distress.

## COUNT I

Defendants have engaged in wrongful discharge of Plaintiff.

## COUNT II

COMPLAINT FOR DAMAGES AND OTHER
RELIEF - Page 7

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2036  FAX 206.233.9165

Defendants have retaliated against Plaintiff in violation of Washington common law.

COUNT III

Defendants have acted in violation of federal and state public policy.

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Back pay and other economic damages;

B. Emotional distress damages;

C. Pre-judgment interest;

D. Reasonable attorney's fees and litigation expenses pursuant to RCW 49.48.030;

E. Injunctive relief;

F. Tax relief;

G. Costs;

H. Such other relief as the Court deems appropriate.

Dated this 9th day of August, 2018.

LAW OFFICES OF JUDITH A. LONNQUIST, P.S.

Judith A. Lonnquist, WSBA #06421
Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND OTHER RELIEF - Page 8

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086 FAX 206.233.9165